UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOCAL 67, OPERATIVE PLASTERERS' AND CEMENT
MASONS INTERNATIONAL ASSOCIATION, AFL-CIO,

       Plaintiff,

vs.                                             Case No. 06-CV-10083
                                              HON. GEORGE CARAM STEEH

NED EMERSON, individually and d/b/a
DISCOUNT ALUMINUM HOME & BUSINESS
IMPROVEMENT, INC.,

       Defendant.

_____/

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#7)

Plaintiff Local 67, Operative Plasterers' and Cement Masons International Association, AFL-CIO ("Local 67") moves for summary judgment of its claims for confirmation of two collective bargaining agreement ("CBA") grievance awards and entry of judgment against defendant Ned Emerson for $97,885.44, representing lost wages and benefits as adjudicated under the awards.

Local 67 filed a complaint on January 6, 2006 alleging Emerson signed a December 3, 1998 "Agreement for Non-Association Members" ("Agreement") binding Emerson and his company Discount Aluminum Home & Business Improvement, Inc. to then existing and future CBAs as between the Architectural Contractors Trade Association ("ACTA") and Local 67. Local 67 alleges the Agreement required Emerson to assign a portion of his work to Local 67 members. Local 67 alleges that it filed two grievances against Emerson relative

to his breach of this contractual obligation, that the grievances were adjudicated by a Joint Grievance Board pursuant to the CBA, that the Board issued a decision on May 31, 2005, finding Emerson liable to Local 67 for $16,831.44, and that the Board issued a second decision on August 31, 2005 finding Emerson liable to Local 67 for an additional $81,054.00. Local 67 alleges it is entitled to confirmation of the awards, and entry of judgment in the total amount of $97,885.44.

Emerson, appearing pro per, filed a one-page letter on February 1, 2006, which the court construed as an answer. Emerson asserts in the letter that he has never read or been given a contract book, that he was told by "B. O. Chuck Novack . . . that if I received the job in which I was bidding on at that time . . . [m]y involvement with Local 67 would be a one time only agreement," that the Agreement Emerson signed was in fact a "one time only" agreement, and that the Agreement expired at the completion of the one job. Emerson communicates to the court:

> Please note that there never has been a meeting of the minds. I am not bound by the 1998 agreement and I will comport myself in that fashion in the future.

Emerson's January 31, 2006 letter (Dkt. #2). Local 67 filed the instant motion for summary judgment on July 27, 2006. Emerson has not filed a response to the motion, which was due on August 21, 2006. See E.D. Mich. LR 7.1(d)(1)(B). Emerson did, however, mail to the court on July 27, 2006 answers to Local 67's June 9, 2006 requests for admissions, admitting that the signature on the December 3, 1998 Agreement is his, and that he received notice of the grievance hearings and resulting awards.

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Redding v. St. Eward, 241 F.3d 530, 532 (6th Cir. 2001). The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in a light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Redding, 241 F.3d at 532. If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 270 (1968); see also McLean v. 988011 Ontario, Ltd., 224 F.3d 797, 800 (6th Cir. 2000).

### I. Statute of Limitations

In recognizing the different effect of actions to confirm a CBA grievance determination and an action to vacate an otherwise binding grievance award, courts have consistently applied a longer limitations period to actions seeking to confirm an award than actions seeking to vacate an award. Occidental Chemical Corp. v. International Chemical Workers Union, 853 F.2d 1310, 1314-15 (6th Cir. 1988). Thus, "even though an action to confirm typically carries a longer limitations period, a party may not file defenses against confirmation after the time for an action to vacate has expired." Id. at 1315. An action to

confirm a final award under a collective bargaining agreement may be commenced within one year of the award, while actions to vacate, attacking the validity of an award, must be brought within three months of the award. Id. at 1314, 1316.

Local 67 filed this lawsuit to confirm the May 31, 2005 and August 31, 2005 awards on January 6, 2006, well within the one year statute of limitations period. Emerson filed his answer on February 1, 2006, eight months after the May 31, 2005 award, and five months after the August 31, 2005 award. Emerson's defenses seeking to vacate the awards are thus time-barred by the applicable three-month statute of limitations period. Occidental Chemical, 853 F.2d 1314-16.

## II.  Defenses

Assuming that Emerson's defenses are not time-barred, when a CBA grievance procedure has been exhausted, a district court's review is very narrow, serving only to enforce the award unless the award does not draw its essence from the CBA. Lattimer-Stevens Co. v. United Steelworkers, 913 F.2d 1166, 1168-69 (6th Cir. 1990) (quoting International Brotherhood of Electrical Workers, Local 429 v. Toshiba America, Inc., 879 F.2d 208, 209 (6th Cir. 1989) and United Steelworkers v. Enterprise Wheel & Car. Corp., 363 U.S. 593, 599 (1960)). If the decision concerns construction of the CBA, courts cannot overrule the decision on a different interpretation of the contract. Lattimer-Stevens, 913 F.2d at 1169 (quoting United Steelworkers, 363 U.S. at 599).

Emerson asserts in his answer that he is not legally bound by the CBA. Implicit in the Board's decisions are rulings that Emerson is contractually bound to the ACTA/Local 67 CBA by virtue of the Agreement Emerson admittedly signed on December 3, 1998. The Agreement reads:

AGREEMENT FOR NON-ASSOCIATION MEMBERS

>    THIS IS TO CERTIFY THAT I HAVE READ THE AGREEMENT BETWEEN THE ARCHITECTURAL CONTRACTORS TRADE ASSOCIATION AND PLASTERERS LOCAL 67 AND I AGREE TO BE BOUND BY ALL PROVISIONS CONTAINED IN THIS AGREEMENT AND ANY CHANGES THAT MAY BE MADE IN THE FUTURE BY MUTUAL CONSENT OF THE SAID PARTIES FOR THE LIFE OF THIS AGREEMENT AND ANY SUCCESSOR AGREEMENTS NEGOTIATED BY THEM.
>
>    I HEREBY SPECIFICALLY SUBMIT TO THE JURISDICTION OF THE JOINT NEGOTIATING COMMITTEE AND FURTHER AGREE THAT, WITH REGARD TO THE PROVISIONS OF THE AGREEMENT RELATING TO THE SETTLEMENT OF GRIEVANCES, THE ASSOCIATION REPRESENTATIVES SHALL BE DEEMED MY REPRESENTATIVE.

Based on a reading of this Agreement and the unchallenged language of the CBA as set forth in Local 67's Complaint, paragraph 6, at 2, it is beyond dispute that the Board's decisions finding Emerson liable for $97,885.44 drew their essence from the ACTA/Local 67 CBA.  The court will not overrule the Board's decision based on Emerson's interpretation that the Agreement in fact constitutes only a one-time agreement that expired at the completion of one job.  Lattimer-Stevens, 913 F.2d at 1168-69.

Emerson's averment that he was told by one Chuck Novack "that if I received the job in which I was bidding on at that time . . . [m]y involvement with Local 67 would be a one time only agreement" raises defenses of "fraud in the inducement" or "fraud in the execution."

> ["Fraud in the inducement"] induces a party to assent to something that he otherwise would not have; ["fraud in the execution"] induces a party to believe the nature of his act is something entirely different than it actually is. See 12 Williston on Contracts § 1488, at 332 (3d ed. 1970).  "Fraud in the execution" arises when a party executes an agreement "with neither knowledge nor reasonable opportunity to obtain knowledge of its character or its essential terms." Uniform Commercial Code § 3-305(2)(c); see Restatement (Second) of Contracts § 163 (1981).

Iron Workers' Local No. 25 Pension Fund v. Allied Fence and Security Systems, Inc., 922 F.Supp. 1250, 1257 (E.D. Mich. 1996) (quoting Southwest Adm'rs, Inc. v. Rozay's Transfer, 791 F.2d 769, 774 (9th Cir. 1986), cert. denied, 479 U.S. 1065 (1987)).  Both "fraud in the inducement" and "fraud in the execution" defenses require more than mere proof of a false representation.  Id. at 1259-60.  Rather, the defendant prove "excusable neglect" in failing to read the applicable documents arising from a lack of *opportunity* to obtain knowledge of the documents.  Id. at 1258-1259.  Emerson does not raise a defense of lack of meaningful opportunity to review the relevant documents prior to signing the December 3, 1998 Agreement, nor has Emerson filed a response to this motion for summary judgment proffering evidence to support a finding that he was coerced into signing the Agreement in a way that denied him an opportunity to review the Agreement and ACTA/Local 67 CBA. First Nat'l Bank, 391 U.S. at 270.  Even if Emerson's defenses were not time barred, Local 67 would be entitled to summary judgment as a matter of law.  Amway Distributors, 323 F.3d at 390.

### III. Conclusion

For the reasons set forth above, Local 67's motion for summary judgment on its claims to confirm the Board's May 31, 2005 and August 31, 2005 awards is hereby GRANTED.  Judgment shall enter in favor of Local 67, and against Emerson, in the amount of $97,885.44.

SO ORDERED.

                                              s/George Caram Steeh  
                                              GEORGE CARAM STEEH  
                                              UNITED STATES DISTRICT JUDGE

Dated:  August 30, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on August 30, 2006, by electronic and/or ordinary mail.

                                      s/Josephine Chaffee
                                      Secretary/Deputy Clerk